IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Danasia Williams,<br>　　　　　Plaintiff,<br>V<br><br>Sensio, Inc.,<br>　　　　　Defendant. | Civil Action No.: 2:24-cv-06110-BHH<br><br>**COMPLAINT**<br>*(Jury Trial Demanded)* |

Plaintiff alleges:

1. She is a citizen of Charleston County, South Carolina.

2. The amount-in-controversy in this matter exceeds $75,000.00.

3. Sensio, Inc. (hereinafter "Sensio") is a foreign corporation engaged in the business of designing, manufacturing, testing, assembling, marketing, importing, distributing and/or selling kitchen appliances in and throughout the United States and specifically South Carolina in a targeted, systematic and continuous manner.

4. Sensio advertises its products for sale to South Carolina customers, sells its products to retailers and others who sell the products to South Carolina customers for use by South Carolina customers, and it sold the Subject Cooker with the expectation that it would be sold in South Carolina for use by a South Carolina customer.

5. Sensio committed a tortious act in Charleston County as alleged herein and is therefore subject to the jurisdiction of this Court.

6. Complete diversity of citizenship exists between the Plaintiff and Defendant.

7. Plaintiff's mother received a Bella 6-quart electric pressure cooker, Model No. M-60B23G, Item No. 14710 (hereinafter "Subject Cooker") as a gift. The Subject Cooker was purchased from Family Dollar.

8. The Consumer Product Safety Commission (CPSC) issued a recall of certain Bella pressure cookers on August 10, 2023 (**Exh. 1**). The subject cooker is part of this recall.

9. Upon information and belief, Sensio had actual knowledge of the defective nature of these pressure cookers for several years prior to a recall being issued. Sensio had first hand knowledge from consumers that the lids were opening while still under pressure resulting in burn injuries to consumers.

10. On September 22, 2024, Plaintiff was cooking lima beans and smoked turkey legs in the Subject Cooker. After releasing steam, the lid suddenly and without warning exploded, causing the heated contents to spew onto the Plaintiff, causing severe burns.

11. Due to a defect in its design, manufacture, and/or warnings, the Subject Cooker was able to be opened prior to complete depressurization.

12. As a result of the lid exploding off the Subject Cooker, Plaintiff sustained burns to her face and neck. She also suffered and continues to suffer permanent injury and disfigurement to her face and neck.

13. Plaintiff's injuries and damages were due to and proximately caused by the negligent, reckless and careless conduct of the Defendant in the following particulars, for which the Defendant is liable:

## FIRST CAUSE OF ACTION
**(Negligence)**

14. The above allegations are incorporated as if repeated verbatim.

15. Plaintiff is informed and believes the Defendant was negligent, willful, wanton, careless, reckless and grossly negligent in the following particulars:

   a. In selling a pressure cooker with manufacturing and design defects present;

b. In designing, manufacturing, importing, and distributing a pressure cooker that was unreasonably dangerous for its foreseeable and intended use;

c. In designing, manufacturing, importing, and distributing a pressure cooker with manufacturing and design defects present;

d. In designing, manufacturing, importing, and distributing a pressure cooker that failed to comply with generally accepted engineering safety standards applicable to pressure cookers;

e. In designing, manufacturing, importing, and distributing a pressure cooker with overlapping flanges;

f. In designing, manufacturing, importing, and distributing a pressure cooker with a defective sliding lock;

g. In designing, manufacturing, importing, and distributing a lid for the pressure cooker that locks when it is turned counterclockwise;

h. In failing to manufacture, design, assemble, test, instruct, warn, distribute, supply and/or sell the Subject Cooker in such a condition so that it would operate safely as a reasonable consumer would expect;

i. In failing to recall the defective pressure cookers in a timely manner after receiving information about consumers being injured by these products; and

j. In such other particulars as the evidence may establish.

## SECOND CAUSE OF ACTION
### (Strict Liability)

16. The above allegations are incorporated as if repeated verbatim.

17. Defendant is engaged in the business of selling pressure cookers to the public, including the Subject Cooker..

18. Defendant placed into the stream of commerce the Subject Cooker, which was defective, unfit, and unreasonably dangerous to the intended users or consumers, including Plaintiff.

19. Plaintiff's injuries and damages occurred because the Subject Cooker was designed, manufactured, imported, and sold by the Defendant in a defective condition that was unreasonably dangerous to the Plaintiff.

20. The Subject Cooker was in the same or substantially the same condition as when designed, manufactured, and sold by the Defendant and was being used in a reasonably foreseeable manner.

21. The Defendant sold the Subject Cooker in an unreasonably dangerous and defective condition, and as a result, Defendant is strictly liable, pursuant to S.C. Code Ann §15-73-10, to Plaintiff in an amount to be ascertained by the jury at the trial of this action.

### THIRD CAUSE OF ACTION
**(Breach of Warranty)**

22. The above allegations are incorporated as if repeated verbatim.

23. That by act, word, and/or deed at the time of sale, the Defendant made certain Express Warranties, certain Implied Warranties of Merchantability, and certain Implied Warranties of Fitness for a Particular Purpose, regarding the Subject Cooker, which were part of the basis of the bargain and/or which arose by operation of law.

24. Plaintiff rightfully and reasonably relied upon the warranties of the Defendant to her great detriment, injury, and damage.

25. The Defendant expressly and impliedly warranted that the Subject Cooker was fit, safe, in good condition, of merchantable quality, and was fit for a particular purpose, namely a safe cooker, when in fact, the Subject Cooker was unfit, unsafe, not of merchantable quality, and was not fit or suited for its particular purpose.

26. By reason of and in consequence of Defendant's breach of express and implied warranties, Plaintiff suffered the injuries and damages as set forth herein, for which Defendant is liable.

27. In order to investigate this claim, Plaintiff will need access to certain information concerning the design and manufacture of the Subject Cooker including, but not limited to, design specifications with change histories, design evaluations, chemistry, materials, and manufacture process. Some or all of this information may fall subject to a claim of trade secret. Without access to this information, Plaintiff will be substantially prejudiced in their investigation and proof of defect herein. Plaintiff believes that access to this information will likely lead to admissible evidence at the trial of this case.

28. The injuries of the Plaintiff were the direct and proximate result of the negligence, carelessness, and recklessness of the Defendant. In addition, the Plaintiff suffered permanent physical injury and disability, substantial and continuing pain, suffering, and discomfort and has incurred expenses such as medical expenses (past and future), lost income and other costs associated with her injuries.

WHEREFORE, Plaintiff prays for judgment against the Defendant for actual damages, together with punitive damages in an appropriate amount, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

(Signature Page to Follow)

Leffew Law Firm, LLC
James Leffew
Fed. Bar #: 13669
125 Wappoo Creek Drive, Suite 102
Charleston, SC 29412
(843) 788-9332
james@leffewlegal.com

and

PARKER LAW GROUP, LLP

By: *s/Austin H. Crosby*
Ronnie L. Crosby
Fed. Bar #: 6311
Austin H. Crosby
Fed. Bar #: 11536
101 Mulberry St. East
PO Box 487
Hampton, S.C. 29924
(803) 903-1781
rcrosby@parkerlawgroupsc.com
acrosby@parkerlawgroupsc.co

October 25, 2024
Hampton, South Carolina